# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **REBECCA GRAVLEY**, ) | | |
|     Plaintiff ) | | |
| ) | | |
| v. ) | Civil Action No. 1:03cv00006 | |
| ) | | |
| ) | **OPINION** | |
| **JO ANNE B. BARNHART**, ) | | |
| Commissioner of Social Security, ) | By:   P<small>AMELA</small> M<small>EADE</small> S<small>ARGENT</small> | |
|     Defendant ) | United States Magistrate Judge | |

In this social security action, I am asked to rule on a motion for an attorney's fee, (Docket Item No. 19) ("the Motion"). Based on the reasoning set out below, the Motion will be denied.

Rebecca Gravley filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying her claim for supplemental security income, ("SSI"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. § 1381 *et seq.* (West 2003 & Supp. 2006). Jurisdiction of this court exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) (West 2003 & Supp. 2006). The Commissioner answered the suit, filing the administrative record. Thereafter, the court, by Final Judgment entered May 7, 2004, vacated the Commissioner's decision denying benefits and remanded the case to the Commissioner for further proceedings. (Docket Item No. 11.) Upon remand, the plaintiff was successful in obtaining a determination of disability and received an award of past due SSI benefits.

-1-

Gravley's counsel filed a previous motion for an attorney's fee on November 15, 2004. (Docket Item No. 12) (first motion for an attorney's fee). By Notice of Award letter dated September 10, 2004, the Social Security Administration, ("SSA"), informed Gravley that she had been awarded back pay based on her SSI claim. (Docket Item No. 14.) However, no specific amount was included in the letter. Instead, the letter stated as follows: "[w]e will be in touch with you about your back payments." On December 9, 2004, the Commissioner objected to Gravley's first motion for an attorney's fee. (Docket Item No. 16.) Among other things, the Commissioner objected because no provision existed at that time for an award of an attorney's fee in SSI cases or for the withholding of 25 percent of a claimant's past due benefits. By order entered January 24, 2005, this court denied Gravley's attorney's motion on this ground. (Docket Item No. 18.)

However, as further noted in the Commissioner's objection, on March 2, 2004, President Bush signed the Social Security Protection Act of 2004, ("SSPA"), P.L. 108-203, 118 Stat. 493, 42 U.S.C. § 1383(d)(2). Section 302 of the SSPA requires the SSA to withhold attorney's fees in SSI cases for a temporary period of five years. Gravley's attorney filed the current Motion on February 22, 2006, again seeking an attorney's fee in connection with the award of SSI benefits. On February 23, 2006, the court ordered the Commissioner to respond to the Motion within 10 days, (Docket Item No. 20), which she did on February 27, 2006. (Docket Item No. 21.) The Motion is now ripe for disposition.

By Notice of Award letter dated September 14, 2004, the SSA informed Gravley that she would receive SSI back pay in the amount of $16,197.00. Gravley's attorney now seeks a fee in the amount of $2,216.25 for 30.5 hours of service. The

-2-

Case 1:03-cv-00006-PMS   Document 22   Filed 06/30/06   Page 2 of 4   Pageid#: 64

SSA awarded a fee in the amount of $1,833.00 for services performed before it. In her response, the Commissioner again objected to the award of an attorney's fee on the ground that the court already had decided the issue in its January 24, 2005, order. The Commissioner further argued that the appeal period had lapsed.[1] However, given the recent enactment of the SSPA, the issue before the court is whether the SSPA applies to this case so that this court now has the authority to award an attorney's fee in an SSI case.

> According to Section 302 of the SSPA, the amendments made therein:
>
> shall apply with respect to fees for representation of claimants which are first required to be paid under [42 U.S.C. § 1383(d)(2)] *on or after* the date of submission by the Commissioner of Social Security to each House of Congress pursuant to Section 303(d)[2] of this Act of written notice of completion of full implementation of the requirements for operation of the demonstration project[3] under Section 303 of this Act.

---

[1] According to Federal Rule of Appellate Procedure 4(a)(1)(B), "[w]hen the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered."

[2] According to Section 303(d) of the SSPA:

Not later than 1 year after the date of enactment of this Act, the Commissioner shall complete such actions as are necessary to fully implement the requirements for full operation of the demonstration project and shall submit to each House of Congress a written notice of completion of such actions.

[3] According to Section 303(a) of the SSPA:

The Commissioner of Social Security (hereafter in this section referred to as the "Commissioner") shall develop and carry out a nationwide demonstration project under this section with respect to agents and other persons, other than attorneys, who represent claimants under titles II and XVI of the Social Security Act before the Commissioner. The demonstration project shall be designed to determine the potential results of extending to such representatives the fee withholding procedures and assessment procedures that apply under sections 206 and section 1631(d)(2) of such Act to attorneys seeking direct payment out of past due benefits under such

(emphasis added). Thus, the question before the court is whether counsel was eligible to receive a fee for his representation of Gravley on or after the date that the Commissioner presented the written notice to both Houses of Congress as outlined above. Counsel became eligible to receive a fee on September 14, 2004,[4] the date that the SSA notified Gravley that she would receive back pay in the amount of $16,197.00. The Commissioner submitted the appropriate written notice to both Houses of Congress on February 28, 2005. *See* Notice Announcing Implementation of Sections 302 and 303 of the Social Security Protection Act of 2004, 70 Fed. Reg. 14490-01 (Mar. 22, 2005). Thus, counsel was not eligible to receive his fee for representing Gravley on or after the date of such submission. That being the case, I find that I do not have the authority to award a fee for counsel's representation of Gravley on her SSI claim.

For the foregoing reasons, the Motion will be denied. An appropriate judgment will be entered.

DATED: June 30, 2006.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE

---

titles and shall include an analysis of the effect of such extension on claimants and program administration.

[4]Arguably, counsel became eligible to receive a fee on September 10, 2004, the date of the first Notice of Award Letter that stated that Gravley would receive past due SSI benefits, but which did not contain the exact amount of back pay due to her. In any event, the analysis contained in this Opinion would remain the same.